# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3085-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTONIO MANUEL
MERCEDES,

    Defendant-Appellant.

_____

Submitted September 15, 2021 – Decided September 29, 2021

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 86-11-1362.

Antonio Mercedes, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Antonio Manuel Mercedes appeals pro se from a February 7, 2019 Law Division order denying his fifth petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacks merit.

The facts leading to defendant's conviction are summarized in our unpublished decision, denying defendant's third petition for PCR:

> A twenty-seven[-]count indictment was returned against defendant in 1986 charging him, among other crimes, with seven counts of kidnapping and related aggravated sexual assault and attempted aggravated sexual assault involving at least nine female victims, some of them young children. He was first tried by a jury on four counts alleging commission of those crimes against a woman and her young daughter. Defendant was found guilty and was sentenced to an aggregate prison term of eighteen years subject to eight years of parole ineligibility. He thereafter entered into plea negotiations with the prosecutor, and an agreement was reached in which defendant agreed, with respect to the remaining counts to plead guilty to three counts of kidnapping, two counts of aggravated sexual assault, two counts of attempted aggravated sexual assault, and one count of robbery. The State's undertaking was to move for the dismissal of all other counts and to recommend an aggregate sentence of fifty-five years subject to twenty-seven years of parole ineligibility to run concurrently with sentence imposed following trial.
>
> [State v. Mercedes, No. A-0505-02 (App. Div. Apr. 8), certif. denied, 180 N.J. 458 (2004) (slip op. at 2).]

On September 2, 1988, the trial judge sentenced defendant pursuant to the State's recommendation. See id. at 3. Defendant did not appeal his convictions but filed a direct appeal of his sentence, which this court heard on an excessive sentencing calendar pursuant to Rule 2:9-11 and denied in an April 4, 1989 order. Id. at 3-4. The Supreme Court thereafter denied certification. State v. Mercedes, 121 N.J. 597 (1990).

Defendant's four ensuing PCR petitions – most of which claimed his plea was not voluntary and knowing – were denied, although two PCR courts resentenced defendant for reasons that are not relevant to this appeal. We affirmed the PCR courts' orders; the Court denied certification. See State v. Mercedes, No. A-2483-13 (App. Div. Sept. 3, 2015), certif. denied, 226 N.J. 212 (2016); State v. Mercedes, No. A-0505-02 (App. Div. Apr. 8), certif. denied, 180 N.J. 458 (2004); State v. Mercedes, No. A-0578-95 (App. Div. Feb. 28), certif. denied, 146 N.J. 69 (1996); State v. Mercedes, No. A-5211-90 (App. Div. June 1), certif. denied, 134 N.J. 484 (1993).

Thirty years after defendant was sentenced, he filed the present July 12, 2018 PCR petition. Defendant asserted his plea counsel was ineffective – in 1988 – for failing to obtain a 2014 State Bureau of Identification (SBI) "report," which lists defendant's arrest date on the indictment as July 9, 1986. Defendant's

3

PCR petition references the SBI report as "Attachment 1." Apparently, however, the report was not attached to his petition.[1] According to the amended judgment of conviction (JOC) for defendant's sentence on his guilty pleas, defendant was arrested on August 21, 1986.

Defendant claimed the SBI report proves he was incarcerated, commencing July 9, 1986 and, as such, he could not have committed the offenses to which he pled guilty, which "were committed on July 19, 1986,[2] July 21, 1986[,] and August 21, 1986." Notably absent from defendant's petition is the date on which he received the SBI report. Rather, defendant asserted he "recently obtained" the report "after April 2014, and less than five years ago when [his] fingerprints were taken at South [W]oods State Prison." Defendant further claimed the State wrongfully withheld the SBI report.

---

[1] Defendant provided the SBI report in his appendix on appeal. Because the report was not presented to the trial court for consideration, however, it is inappropriate for consideration on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014). For purposes of this appeal, we nonetheless assume the report reflects an arrest date of July 9, 1986.

[2] Defendant contends the first incident occurred on July 19, 1988, but several documents contained in his appendix on appeal indicate the incident occurred on July 9.

A-3085-18

Defendant sought assignment of counsel to represent him on the present petition.  See R. 3:22-6(b) (requiring good cause for the assignment of counsel on a second or subsequent PCR petition).

Following argument on February 7, 2019, the PCR judge issued an oral decision, denying defendant's motion for assignment of counsel and PCR. Pertinent to this appeal, the judge determined defendant's petition was procedurally barred as untimely and otherwise lacked merit.

Noting defendant failed to support his petition with documentary evidence establishing he was in custody when the crimes were committed, the PCR judge found, regardless, "[t]his is not an instance where there was a failure of counsel in the past to bring this issue up.  This was . . . information that [defendant] could have told everyone back in 1986," instead of raising it "for the first time" in the present petition.  The judge elaborated:

> So, not only [wa]s . . . no documentation provided, it [wa]s something that [defendant] could have brought to his attorney's attention.  This is not newly discovered evidence.  This is knowledge that he personally had.  So, even if he just received the documentation from the State Police, this is an issue that he – and I emphasize he – knew about almost twenty [sic] years ago.

A-3085-18

Moreover, in response to defendant's assertion that he "always proclaimed [his] innocence" to the charges to which he pled guilty, the judge rhetorically asked:

> Well, why would you enter into a plea bargain and plead guilty to charges that you know you couldn't possibly have committed because you're incarcerated? That would have been very easy to prove at that time. And now all the records can't be found. . . . My team leader has searched the records both here, [in the] Probation [Department], the County Clerk's Office, the Bureau of Prisons, the Passaic County Jail. And there [are] no records to be had. There's nothing to indicate that you were incarcerated.

This appeal followed.

On appeal, defendant maintains the "newly-discovered" SBI report establishes that he was in custody on the date the crimes were committed. He raises the following overlapping points for our consideration:

POINT I

PLEA COUNSEL WAS INEFFECTIVE BASED ON FAILURE TO INVESTIGATE AN ALIBI DEFENSE AND THERE ARE MATERIAL FACTS IN DISPUTE, IT WAS ERROR TO DENY THE PETITION AND TO DENY [DEFENDANT] AN EVIDENTIARY HEARING TO FULLY PRESENT THIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

A-3085-18

POINT II

THE STATE FAILED TO DISCLOSE EXCULPATORY EVIDENCE PRIOR TO . . . DEFENDANT ENTERING INTO PLEA AGREEMENT [SIC], WHICH CONSTITUTES A BRADY[3] VIOLATION.

POINT III

[]DEFENDANT HAS PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE[] ASSISTANCE OF COUNSEL, BECAUSE MATERIAL ISSUES OF DISPUTED FACTS LIE OUTSIDE THE RECORD AND RESOLUTION OF THE ISSUES NECESSITATES A HEARING UNDER [R.] 3:22-10(b); AND UNDER STATE V. PORTER, 216 N.J. 343, 355 (2013).

POINT IV

[DEFENDANT]'S CONVICTION IN VIOLATION OF [HIS] SIXTH AMENDMENT RIGHT TO HAVE SUCH ALLEGATIONS TRIED BEFORE A JURY, LE[]D TO PETITIONER'S COMMITMENT UNDER THE [SVPA].

POINT V

THE [PCR] COURT DENIED THE APPLICATION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING OF EXCULPATORY EVIDENCE WHICH WOULD HAVE IMPACTED [DEFENDANT']S DECISION TO PLEAD GUILTY.
(Not raised below)

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

A-3085-18

We have carefully considered defendant's arguments in view of the applicable law, and conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons succinctly stated by the PCR judge. We add the following comments to give context to the judge's decision.

Our analysis of the issues raised on appeal is guided by a review of the relevant provisions of the two court rules that apply to a second or subsequent PCR. Pursuant to Rule 3:22-12(a)(2)(B), a "second or subsequent petition shall [not] be filed more than one year after . . . the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." Further, under Rule 3:22-4(b)(1) and (2)(B),

> a second or subsequent petition for [PCR] shall be dismissed unless . . . it is timely under R[ule] 3:22-12(a)(2); and . . . it alleges on its face . . . that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted[.]

A-3085-18

Although the time limitations are not absolute and may be waived to prevent a fundamental injustice, the rules must be viewed in light of their dual key purposes: "to ensure . . . the passage of time does not prejudice the State's retrial of a defendant" and "to respect the need for achieving finality." State v. DiFrisco, 187 N.J. 156, 166-67 (2006) (second quotation quoting State v. Mitchell, 126 N.J. 565, 576 (1992)). Moreover, a PCR petition is not a substitute for an appeal of a conviction under Rule 3:22-3, and any available ground for relief not asserted in a prior proceeding is barred if it could have been raised earlier under Rule 3:22-4, or was asserted earlier and adjudicated on its merits under Rule 3:22-5.

Here, defendant waited until July 2018 to file his fifth PCR petition, asserting for the first time that he was arrested on July 9, 1986. He has neither provided the date on which he received the SBI report nor any reason why he could not have discovered his alleged July 9, 1986 arrest date by exercising reasonable diligence. Accordingly, defendant's petition is time-barred under Rule 3:22-12(a)(2)(B), and Rule 3:22-4(b)(1) and (2)(B). Moreover, to the extent defendant belatedly claims he had an alibi defense, his argument should have been raised on direct appeal under Rules 3:22-3 and -4.

9

Further, in our September 3, 2015 opinion affirming the denial of defendant's fourth PCR application, we concluded defendant's amended JOC "contains a verifiably correct calculation of defendant's jail and gap time credit." Mercedes, No. A-2483-13 (slip op. at 4). Notably, that JOC reflects defendant received jail time credit from August 21, 1986, to July 16, 1987, and gap time credit from July 17, 1987, to September 1, 1988. Absent from the JOC is any indication that defendant was in custody when the three crimes to which he pled guilty were committed. As such, defendant's petition also is barred under Rule 3:22-5.

Accordingly, even if the SBI report had been attached to defendant's PCR petition and reviewed by the PCR judge, the result would not have changed. In sum, defendant has articulated no basis to relax the clear restrictions concerning subsequent PCR petitions imposed by the Rules.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION